THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELLE BRUTO DA COSTA, Individually and as personal representative of the Estate of MARK BRUTO DA COSTA, deceased,

Plaintiffs,

v.

OLYMPUS AMERICA INC., OLYMPUS CORPORATION, OLYMPUS MEDICAL SYSTEMS CORP., OLYMPUS CORPORATION OF THE AMERICAS, OLYMPUS SURGICAL TECHNOLOGIES AMERICA, AIZU OLYMPUS CO. LTD, AOMORI OLYMPUS CO. LTD., SHIRAKAWA OLYMPUS CO. LTD.,

Defendants.

No. 2:26-cv-01977-RSL

**DECLARATION OF ATTORNEY MICHAEL SCOVILLE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Olympus America Inc., Olympus Corporation of the Americas, and Olympus Surgical Technologies America, specially appearing by and through counsel, hereby provide the following declaration of attorney Michael Scoville of McGuireWoods LLP. I, Michael Scoville, declare as follows:

1. My name is Michael Scoville. I am over 18 years of age and have personal knowledge of all matters set forth herein.

2. I am an Attorney and Partner at McGuireWoods LLP.

3. Exhibit 1 to Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue to the Northern District of Illinois ("Motion to Dismiss") is a true and accurate copy of the previously filed complaint in *Bruto da Costa v. Olympus America Inc.*, *et al.*, No. 2:25-cv-00903 (W.D. Wash. May 14, 2025) (Dkt. 2).

4. Exhibit 2 to Defendants' Motion to Dismiss is a true and accurate copy of the previously filed Joint Stipulation to Transfer Venue in *Bruto da Costa v. Olympus America Inc.*, *et al.*, No. 2:25-cv-00903 (W.D. Wash. Sept. 23, 2025) (Dkt. 12).

5. Exhibit 3 to Defendants' Motion to Dismiss is a true and accurate copy of the Order Transferring Venue in *Bruto da Costa v. Olympus America Inc.*, *et al.*, No. 2:25-cv-00903 (W.D. Wash. Sept. 24, 2025) (Dkt. 18).

6. Exhibit 4 to Defendants' Motion to Dismiss is a true and accurate copy of the Notice of Voluntary Dismissal Without Prejudice filed in *Bruto da Costa v. Olympus America Inc.*, *et al.*, No. 1:25-cv-12049 (N.D. Ill. Oct. 23, 2025) (Dkt. 23).

7. Exhibit 5 to Defendants' Motion to Dismiss is a true and accurate copy of the Order dismissing *Bruto da Costa v. Olympus America Inc.*, *et al.*, No. 1:25-cv-12049 (N.D. Ill. Oct. 23, 2025) (Dkt. 24).

8. In *Bruto da Costa v. Olympus America Inc.*, *et al.*, No. 2:25-cv-00903 (W.D. Wash.), Plaintiff alleged that on May 15, 2023, Mr. Mark Bruto Da Costa underwent an endoscopic retrograde cholangiopancreatography procedure ("ERCP") at Northwestern Hospital in Chicago, Illinois. Mr. Bruto Da Costa's doctors at Northwestern Hospital allegedly used an Olympus TJF-Q190V duodenoscope in that procedure, as a result of which Mr. Bruto Da Costa allegedly acquired vancomycin-resistant Enterococcus (VRE) bacteria and an infection that ultimately led to his death. *See generally* Ex. 1.

9. In defending this case, Defendants anticipate calling the following individuals as witnesses:

a. The physicians and practitioners, including nurses and surgical technicians, who performed or were involved in Mr. Bruto Da Costa's procedure at Northwestern Hospital in Chicago, Illinois;

b. The other hospital employees at Northwestern Hospital who cared for and came into contact with Mr. Bruto Da Costa;

c. The Northwestern Hospital employees who cleaned and disinfected the TJF-Q190V duodenoscope used in Mr. Bruto Da Costa's procedure at Northwestern Hospital;

d. Northwestern Hospital's infection prevention personnel;

e. Northwestern Hospital staff trained in the reprocessing and use of the TJF-Q190V duodenoscope; and

f. Defendants' employees who sold and serviced the TJF-Q190V duodenoscope used in Mr. Bruto Da Costa's procedure at Northwestern Hospital, all of whom live in or around Chicago, Illinois.

10. I further declare that these anticipated witnesses are all presumably located in or near the Northern District of Illinois.

11. I anticipate that these witnesses will testify regarding, among other things, the following subject matters:

a. The reason for Mr. Bruto Da Costa's ERCP procedure;

b. Potential avenues for bacterial transmission at Northwestern Hospital;

c. Northwestern Hospital's infection prevention processes;

d. Precautions taken at Northwestern Hospital related to Mr. Bruto Da Costa's infection;

e. The identity of, and reasons for, the devices used in Mr. Bruto Da Costa's procedure at Northwestern Hospital;

f. Cleaning and high-level disinfection procedures used on the TJF-Q190V duodenoscope used in Mr. Bruto Da Costa's procedure at Northwestern Hospital;

g. Other procedures Mr. Bruto Da Costa underwent at Northwestern Hospital;

h. Any complications that occurred during Mr. Bruto Da Costa's procedure at Northwestern Hospital;

i. Informed consent discussions held with Mr. Bruto Da Costa prior to his procedure at Northwestern Hospital; and

j. The potential cause(s) of Mr. Bruto Da Costa's infection allegedly contracted at Northwestern Hospital.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 19, 2026 at Seattle, Washington.

By: ______________________

Michael Scoville
Attorney and Partner at
McGuireWoods LLP